# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GARY and ANNA-MARIE CUPPELS,　:
individually and on behalf of all others　:
similarly situated,　: C. A. No.: S18C-06-009 CAK
　:
　Plaintiffs,　:
　:
　:
　v.　:
　:
　:
MOUNTAIRE CORPORATION, an　:
Arkansas corporation, MOUNTAIRE　:
FARMS, INC., a Delaware corporation, and :
MOUNTAIRE FARMS OF DELAWARE,　:
INC., a Delaware corporation,　:
　:
　Defendants.　:

Submitted: July 9, 2020
Decided: July 14, 2020

## MEMORANDUM OPINION AND ORDER

*Upon Petition of Third Party to Certify Interlocutory Appeal to the Supreme Court of Delaware*

## DENIED

Devera B. Scott, Esquire and William J. Kassab, Esquire, Deputy Attorneys General, 102 W. Water Street, 3rd Floor, Dover, DE 19904, Attorneys for Appellant/Third-Party Petitioner, State of Delaware, Department of Natural Resources and Environmental Control.

Chase T. Brockstedt, Esquire and Stephen A. Spence, Esquire, Baird Mandalas Brockstedt, 1413 Savannah Road, Ste. 1, Lewes, Delaware 19958, Attorneys for Plaintiffs.

Philip C. Federico, Esquire, Brent Ceryes, Esquire and Matthew Legg, Esquire, Schochor, Federico and Staton, P.A., 1211 St. Paul Street, Baltimore, Maryland 21202, Attorneys for Plaintiffs.

F. Michael Parkowski, Esquire and Michael W. Teichman, Esquire, Parkowski, Guerke & Swayze, P.A., 1105 North Market Street, 19th Floor, Wilmington, Delaware 19801, Attorneys for Defendants.

Lisa C. McLaughlin, Esquire, Todd L. Goodman, Esquire and John C. Phillips, Jr., Esquire, Phillips, Goldman, McLaughlin & Hall, P.A., 1200 North Broom Street, Wilmington, DE 19806, Attorneys for Defendants.

James R. Wedeking, Esquire, Daniel J. Hay, Esquire, Erika L. Maley, Esquire, Gordon D. Todd, Esquire and Timothy K. Webster, Esquire, Sidley Austin, LLP, 1501 K Street, N.W., Washington, DC 20005, Attorneys for Defendants.

**KARSNITZ, J.**

I had some doubt as to whether a non-party should ever be permitted to petition for an interlocutory appeal. Delaware Supreme Court Rule 42 ("Rule 42") recognizes that interlocutory appeals are disruptive to the normal litigation process and not favored. When a non-party is the petitioner, conflicting interests exist and the chance of disruption for purposes unrelated to the direct interests of the parties increases.

In *Perlman v. United States*,[1] a one hundred-year-old decision, the United States Supreme Court permitted a non-party to petition for an interlocutory appeal of a discovery order. The Supreme Court placed the validity of *Perlman* in jeopardy in *Mohawk Indus. Inc. v. Carpenter*.[2] *Mohawk* held that litigants generally cannot appeal discovery orders, even in the face of privilege claims.[3] There are narrow exceptions including appeals of orders requiring disclosure of religious materials.[4] The *Whole Woman's Health* decision sets forth the collateral order doctrine (as an exception to the bar on interlocutory appeals of discovery orders) requiring:

(1) The decision is conclusive;

(2) The decision resolves important questions separate from the merits; and,

---

[1] 247 U.S. 7 (1918).
[2] 130 S. Ct. 599 (2009).
[3] *Id.*, at 611.
[4] *Whole Woman's Health v. Smith*, 896 F.3d 362 (5th Cir. 2018).

1

(3) The decision is effectively unreviewable on appeal from a final judgment.

Here the Delaware Department of Natural Resources and Environmental Control ("DNREC") is the non-party petitioning for an interlocutory appeal, and its interests are qualitatively different from the interests of the parties. Rule 42 speaks generally of petitioners for interlocutory appeals. Interestingly the Rule also gives "an opposing party" the right to file a response. Thus, the Rule at least implies that the petitioner must be a party in order for there to be an opposing party.

The most significant concern raised in response to DNREC's petition is the potential to derail the existing case schedule. While Rule 42 allows the case to proceed during the pendency of an interlocutory appeal,[5] the potential significance of the information sought from non-party DNREC makes it unlikely that the schedule could be maintained. By way of example, DNREC's information would very likely be of substantial importance to both Plaintiffs' and Defendants' expert witnesses. Without it, their reports would be at best incomplete. The scheduling order requires those reports in due course. The remainder of the scheduling order flows from the filing of those reports.

---

[5] Supr. Ct. R. 42(e).

2

It is also significant to me the Defendants have not petitioned for an interlocutory appeal of my order on this issue. Instead, they ride DNREC's coattails with respect to the systemic arguments. Had Defendants been concerned with the revelation of DNREC's reports, they could and should have filed their own petition.

## CASE HISTORY

This opinion is part of a series of opinions addressing a variety of issues. I will not repeat in any detail the facts of the case. Suffice it to say the case involves substantial claims from people who allege they were damaged by exposure to wastewater runoff from Defendants' poultry plant operations. In an effort to prove their claims, Plaintiffs subpoenaed records and sought depositions of representatives from DNREC. DNREC moved to quash the subpoenas claiming certain privileges. DNREC's claims were generic and DNREC made no nuanced effort to distinguish between privileged and non-privileged materials. No privilege logs were prepared.

I denied DNREC's motions because to me the information was relevant, the claims of privilege were generic, and governing statutes required disclosure. DNREC has now asked that I certify the issue for interlocutory appeal pursuant to Supreme Court Rule 42 ("Rule 42"). DNREC has argued that the issue I resolved is critical to it. It also contends, as it did in its argument in support of its motion to quash, that disclosure of some (or all) of the information requested would have a

3

substantial detrimental effect on its ability to resolve enforcement actions by inhibiting settlement discussions. I note DNREC has made no effort to segregate settlement discussions from other relevant information subject to the subpoenas.

One other procedural note. Litigants normally have ten days to file a petition to certify an interlocutory appeal. Of course, the ten day period runs from the date of the order or opinion from which appeal is sought. Here, I filed the order from which interlocutory appeal here is sought on April 14, 2020. DNREC filed its petition on June 29, 2020, two and one half months after my order. DNREC cites to the Supreme Court orders in light of the COVID 19 pandemic to excuse what would have otherwise been a fatal delay to its petition. Those orders generally waive time limits, and for me, DNREC's position is correct.

However, as a practical matter, the delay of two and one half months is significant in the overall scheduling of the case. As I have remarked in both my opinions and at the hearings I have held, this litigation has been plagued by delay after delay. I set a schedule to bring the case to trial in the fall of 2021. Various issues have put the schedule in jeopardy, including this issue. The two and one half month delay in filing the petition for interlocutory appellate review has not helped, because any delay associated with an appeal would create a disaster for the schedule.

4

I am sympathetic to all struggling to continue daily life and business in the context of a global pandemic. To me, the issue of concern to DNREC has been apparent for a substantial period of time. The petition to certify an interlocutory appeal is straightforward and Rule 42 standards are well-established. I will not speculate why it took two and one half months to petition this court to certify an interlocutory appeal. I turn to the merits of the request.

## RULE 42 AND ITS STANDARDS

Typically, a petition to certify an interlocutory appeal comes from one of the parties to the litigation, and the requirements of Rule 42 generally are designed for that more common type of petition. Here the petition comes from a non-litigant third party. The overarching requirement of Rule 42 is that no interlocutory appeal should be certified unless the order "… decides a substantial issue of material importance that merits appellate review before a final judgment."[6] Rule 42 also directs that

> Interlocutory appeals should be exceptional, not routine, because they disrupt the normal process of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources. Therefore, parties should only ask for the right to seek interlocutory review if they believe in good faith

---

[6] Supr. Ct. R. 42(b)(i).

5

that there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal.[7]

The Rule then lists eight factors I am to consider when deciding whether to certify an interlocutory appeal. I summarize the factors as follows:

(1) Does the order involve an issue of first impression?

(2) Are there conflicting trial court views on the question of law?

(3) Does the order relate to the constitutionality, construction or application of a Delaware statute?

(4) Has the order sustained contested jurisdiction?

(5) Did the order reverse a prior decision which decides a significant issue, a review of which may terminate the litigation?

(6) Does the order vacate or open a judgment?

(7) Will review of the order terminate the litigation?

(8) Does review of the order serve the considerations of justice?[8]

Case law tells me I am to consider all these factors.[9] Finally,

> After considering these factors and its [my] own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance is

---

[7] Supr. Ct. R. 42(b)(ii).

[8] Supr. Ct. R. 42(b)(iii) (A -- H).

[9] *Lincoln Benefit Life Company v. Wilmington Trust, N.A.* 2018 WL 2074713 (Del. Super. Apr. 30, 2018); *State ex rel. French v. Card Compliant, LLC,* 2017 WL 2189650 (Del. Super. May 18, 2017); *Almah LLC v. Lexington Insurance Company,* 2016 WL 3521880 (Del. Super. June 20, 2016); *Lima Delta Company v. Global Aerospace, Inc.,* 2016 WL 3659859 (Del. Super. Mar. 17, 2016).

6

uncertain, the trial court should refuse to certify the interlocutory appeal.[10]

## ANALYSIS

What I have described as the overarching standard is whether the order addresses important, substantial issues. I have no doubt DNREC believes it does. The fact that a non-litigant third party is petitioning me to certify an interlocutory appeal makes it plain that the systemic issues (i.e., whether the subpoenaed information must be produced) are more important to DNREC than to either party. No doubt the information sought to be produced, or sought to be protected from production, is important to the parties, but less so the systemic issues. I believe both a plain reading of the statutes involved and applicable case law mandated my opinion and order.[11] But the opinions expressed are but those of one country Judge. If the issue is as important as DNREC argues, it will arise again and percolate to our Supreme Court. If the issue is systemic and ubiquitous, DNREC will have ample opportunity to argue its position in other cases as well.

By contrast, certifying an interlocutory appeal would totally derail this litigation to the detriment of all parties. The trial date and all other scheduling dates necessary to bring this case to conclusion would be lost. Whatever

---

[10] Supr. Ct. R. 42(b)(iii).
[11] *Cuppels v. Mountaire Corp.*, 2020 WL 1866867 (Del. Super., Apr. 14, 2020).

7

momentum has been built would be lost. Justice, in my view, would not be served. For me, as a threshold matter, DNREC has not met the high standard of showing that it is so important to resolve these issues now, and in this litigation, that appellate review is warranted at this stage of the proceedings.

My review of the eight factors under Rule 42 also favors denying DNREC's petition to certify an interlocutory appeal. With respect to the first factor, an issue of first impression, at least one of the issues raised, the construction of a statute (see discussion of the third factor, below), appears to be such an issue. This factor thus slightly favors interlocutory review. However, all other issues appear to me to be common issues of privilege and discovery, which normally do not lend themselves to interlocutory review.[12]

With respect to the second factor, conflicting trial court decisions, DNREC concedes there are none.

---

[12] *Certain Underwriters at Lloyd's London v. Monsanto Co.*, 1991 WL 134471, at *1, 599 A.2d 412 (Del. 1991) (TABLE), in which the Supreme Court refused an interlocutory appeal of a Superior Court order relating to discovery matters because such "rulings do not determine a substantial issue or establish legal rights." The Supreme Court made it clear that "discovery rulings are not properly the subject of an interlocutory appeal." *Id.* Likewise, in *E.I. DuPont De Nemours & Co. v. Admiral Ins. Co.*, 1993 WL 19587, at *1 (Del. Super., Jan. 25, 1993), the Superior Court declined to certify a discovery ruling because it "fail[ed] to meet the threshold requirements of determining a substantial issue and establishing a legal right," noting "the Supreme Court rarely accepts an appeal of a discovery matter." *Id.* (citing *Monsanto*).

8

With respect to the third factor, whether I have construed a Delaware statute, I have done so. This factor thus favors interlocutory review.

The fourth, fifth and sixth factors have no application.

The seventh factor is whether review would terminate the litigation. It would not. Plaintiffs will continue to press their claims. This factor thus strongly disfavors interlocutory review.

The eighth and final factor is whether interlocutory review is in the interests of justice. On the one hand, DNREC has a legitimate concern about its statutory obligations. On the other hand, granting the application would result in substantial and serious delay for all parties.

On this factor, in their Response in Support of the Third-Party Petition for Certification of Interlocutory Appeal,[13] Defendants tell me that the information

---

[13] Following DNREC's filing its petition for interlocutory appeal, Plaintiffs responded within ten days in opposition as allowed by Supr. Ct. R. 42(c)(ii). Thereafter, and also within ten days, Defendants filed their response in support of the petition for interlocutory appeal. One day later, Plaintiffs filed a motion to strike Defendants' response. Plaintiffs argue that Rule 42 does not allow a response in support of a petition for interlocutory appeal, that the response is really Defendants' untimely petition for interlocutory appeal in disguise, and that due process is offended by Defendants' response in support of DNREC's petition for interlocutory review with no opportunity for Plaintiffs to address the arguments of Defendants. The language of Rule 42 supports Plaintiffs' position. The Rule allows "[a]n opposing party" to file a response. For me this language means that a party opposing the petition, not supporting it. Again, this shows the Rule's design for parties, not non-parties. Fortunately, my ruling here makes Plaintiffs' motion moot.

9

sought from DNREC is just a small current in a vast sea of information in the case (in their view, and to mix metaphors) "a tiny speck in the total universe of information connected to this case."[14] Defendants also tell me that:

> All that Plaintiffs could possibly need to meaningfully proceed with the existing trial scheduling order has already been produced, through the ongoing (and extremely broad) e-discovery with Defendants.[15]

It is presumptuous for Defendants to tell either the Court or Plaintiffs that Plaintiffs have all they could possibly need. I find this especially difficult to accept when these same Defendants unilaterally redacted a whole host of relevant documents and the Special Master specifically found that the

> …motivation for redacting those documents is not altruistic. History tells us that they are not making use of redactions in order to help Plaintiffs … .

By the same token, Defendants' determination that "Plaintiffs have all that they could possibly need" is not altruistic. The quoted language from Defendants' response is the only argument they make to address the schedule and interests of

---

[14] See Defendants' Response in Support of the Third-Party Application for Certification of Interlocutory Appeal, D.I. 443.
[15] *Id.*

timely justice. It is unpersuasive. DNREC does not address the issue, likely because it has no direct interest in the litigation.

What Defendants ignore is that the information sought may be crucial to the Plaintiffs' case. Plaintiffs believe with good justification that DNREC has information to help them prove their case. I am unwilling to give Plaintiffs the Hobson's choice of either waiting for the result of the interlocutory appeal or proceeding without relevant information. Defendants would likely be forced to wait for what they believe will be their day of exoneration. Simply put, the interests of justice are not served by a delay to allow DNREC to press its position. This factor thus overwhelmingly disfavors interlocutory review, so strongly as to subsume the other seven factors.

Rule 42 directs me that, if I am uncertain as to the balancing of the factors in analyzing the petition for interlocutory review, I am to deny it. However, I am not uncertain. I am certain that certifying this interlocutory appeal would not be in the interests of justice. The issues raised by my order are systemically important to DNREC, but not the parties. To delay this case in order to pursue this interlocutory review would, in my view, be unjust.

I deny DNREC's petition and will not certify an interlocutory appeal of my order to the Delaware Supreme Court.

11

**IT IS SO ORDERED.**

_____
Craig A. Karsnitz

cc: Prothonotary

FILED PROTHONOTARY
SUSSEX COUNTY
2020 JUL 14 A 11: 19

12